FILED
JAN - 6 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE ) <br> ADMINISTRATIVE INSPECTION OF: ) <br> ) <br> Meds2Go Express Pharmacy ) <br> 762 Little Coal River Road ) <br> Alum Creek, WV 25003 ) | CASE No. 2:20-MC-2 |

### APPLICATION AND AFFIDAVIT
### FOR AN ADMINISTRATIVE INSPECTION WARRANT
### UNDER THE AUTHORITY OF TITLE 21
### UNITED STATES CODE, SECTION 880

**Before the Honorable Dwane L. Tinsley,**
**United States Magistrate Judge**
**United States District Court for the Southern District of West Virginia**

The undersigned, being duly sworn, deposes and says:

That the affiant, Leanne Koziol, is a duly appointed Diversion Investigator (DI) of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Charleston, West Virginia District Office.

That the affiant has been employed with DEA since March 2018, and has been entrusted with regulating, monitoring, and investigating individuals and businesses that have access to and use of Schedule 2, 2N, 3, 3N, 4 and 5 controlled substances.

1. That pursuant to Title 21 United States Code (USC), Sections 878 (a)(2) and 880(b)(1), (2), and (3), as well as Title 28, Code of Federal Regulations (CFR), Subpart R, Section 0.104 and Appendix to Subpart R, Section 3(b), the affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises under the Controlled Substances Act (21 USC 800 et seq) in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under Title 21, USC, Section 827, and Title 21, CFR, Section 1304.01 et seq. That this inspection is designed to insure compliance with the Controlled Substances Act and regulations promulgated thereunder.

2. That MEDS2GO EXPRESS PHARMACY is or, until very recently, was registered under the provisions of the Controlled Substances Act, Title 21, U.S.C., Section 823 et seq., as a Retail Pharmacy and has been assigned DEA registration number FM8805876 in Schedules 2, 2N, 3, 3N, 4 and 5 controlled substances, and is or was registered with DEA at 762 Little Coal River Road, Alum Creek, WV 25003. That said place of business is a controlled premise within the meaning of Title 21, U.S.C., Section 880(a), and Title 21 C.F.R. Section 1316.02(c).

3. That MEDS2GO EXPRESS PHARMACY is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by the registrant pursuant to Title 21, U.S.C., Section 827 and Title 21, C.F.R., Section 1304.01 et seq. on the controlled premises.

4. That in August of 2016, Philip Michael, owner of MEDS2GO EXPRESS PHARMACY, and MEDS2GO EXPRES PHARMACY, among others, were indicted in the Western District of Kentucky. The indicted charges include an internet pharmacy conspiracy, conspiracy to distribute misbranded drugs, distributing misbranded drugs, mail fraud conspiracy, wire fraud conspiracy, health care fraud, engaging in the unlicensed wholesale distribution of prescription drugs, aggravated identity theft, conspiracy to commit money laundering, and obstruction of a criminal investigation.

5. That in July 2019, a new DEA Registration Application was submitted for TRICOUNTY PHARMACY for the location of 762 Little Coal River Rd, Alum Creek, WV 25003, E-Signed by Spiro Mitias, with the contact email of TricountyRX1@gmail.com. The circumstances surrounding this application were suspicious. DEA Charleston District Office received a letter from Philip Michael, owner of MEDS2GO EXPRESS PHARMACY, stating that TRICOUNTY PHARMACY would be purchasing MEDS2GO EXPRESS PHARMACY on or about September 1, 2019 and that MEDS2GO EXPRESS PHARMACY would no longer be conducting business. TRICOUNTY PHARMACY received a DEA Registration on July 15, 2019. However, the sale did not follow through due to financial reasons and TRICOUNTY PHARMACY surrendered the DEA Registration on October 3, 2019.

6. That in December 2019, a DEA Registration Program Specialist (RPS) received a phone call from Philip Michael in regards to a Change of Ownership from MEDS2GO EXPRESS PHARMACY to TRICOUNTY PHARMACY. On the phone, Mr. Michael stated that Mr. Mitias is his father in law. Philip Michael is married to Lilah Mitias Michael. Mr. Mitias also owns the corporation M & M Market which is the Citgo gas station (Marathon Oil) located at 784 Little Coal River Road, Alum Creek, WV, 25003 and is directly beside MEDS2GO EXPRESS PHARMACY. There have been multiple e-mails from TRICOUNTY PHARMACY followed contemporaneously by telephone calls from Philip Michael stating that he had just sent an email to the WV Registration DEA e-mail. This conduct suggests that Philip Michael is using TRICOUNTY PHARMACY's e-mail access. Mr. Michaels is not listed as a member of TRICOUNTY PHARMACY's corporation via the West Virginia Secretary of State website but appears to be acting as one.

7. That in December 2019, MEDS2GO EXPRESS PHARMACY pled guilty in the United States District Court for the Southern District of West Virginia to money laundering. The money laundering charge arose out of a conspiracy between MEDS2GO EXPRESS PHARMACY and a pain clinic operating as a pill mill to dispense compound opioids for no legitimate medical purpose and outside the bounds of professional medical practice. The plea agreement stated MEDS2GO EXPRESS PHARMACY will shut down and pay community restitution for the costs associated with drug abuse treatment in West Virginia to redress the harm caused by illicit opioid usage stemming from the sale of prescription opioids.

8. That a United States Judge, or United States Magistrate Judge, upon a showing of probable cause, may issue a warrant for the purpose of conducting an administrative inspection. 21 U.S.C. § 880(d). "Probable Cause" is defined by the Controlled Substances Act as "a valid public interest in the effective enforcement of [the Act]." 21 U.S.C. (d)(1). "Probable Cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978); United States v. Lawson, 505 F.Supp. 158, 164 (D. Md. 1980). Indeed, the fact that a registrant has never been inspected to insure compliance with compulsory record keeping requirements, is a circumstance that alone is sufficient to justify an administrative warrant. United States v. Goldfine, 538 F.2d 815, 818-819 (9th Cir. 1976); United States v. Prendergast, 585 F.2d 69, 70 (3rd Cir. 1978).

9. That the affiant has examined the files and records of the Drug Enforcement Administration and has determined that MEDS2GO EXPRESS PHARMACY has never been inspected by the DEA.

10. The affiant further represents that the need for the inspection of MEDS2GO EXPRESS PHARMACY and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the Controlled Substances Act, and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances, result from a valid public interest in the effective enforcement of the Controlled Substances Act and implementing regulations. Specifically, the closure of MEDS2GO EXPRESS PHARMACY and the suspicious circumstances surrounding the sale to and registration application of TRICOUNTY PHARMACY indicate that there is probable cause to believe that an inspection of MEDS2GO EXPRESS PHARMACY is in the public interest.

11. The affiant further states that the inspection will be conducted within regular business hours, assuming MEDS2GO EXPRESS PHARMACY is still operating (Note: The pharmacy's business hours are believed to be Monday through Friday, from 9:00am to 6:00pm and 9:00am to 1:00pm on Saturday), and that the Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness. [1]

12. The affiant further states that the inspection will extend to the inspection and copying of inventories, records, reports, and prescriptions, order forms, invoices, and other documents required to be kept and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the Controlled Substances Act.

13. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the

---

[1] Although the Act does not explicitly provide for copying of items listed under 21 U.S.C. § 880(b)(3)(B), the affiant requests that the court authorize the copying (and seizure if necessary for the purpose of copying) such items in order to appropriately verify the records that are required to be kept under 21 U.S.C. § 880(b)(3)(A). Further, if the relevant items are seized, copied and returned in a reasonably prompt fashion, it will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of the retail pharmacy.

storage and handling of controlled substances, and, if necessary, any applicable records and/or samples of controlled substances will be seized.

14. The affiant will be accompanied by one or more Investigators who are employees of the U.S. Attorney General and authorized to conduct administrative inspections.

15. Ten (10) days will be needed to execute and return this warrant. A return will be made to this Magistrate Judge upon completion of the inspection.

16. The affiant further states that she has verified and has knowledge of the facts alleged in this affidavit and that they are true to the best of her knowledge, information and belief.

_____
Leanne Koziol
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this 6th day of January, 2020.

_____
Dwane L. Tinsley
United States Magistrate Judge
United States District Court for the
Southern District of West Virginia